UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHERYL DENICE MARKLE,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

No. 1:16-CV-3031-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 17).

## JURISDICTION

Cheryl Denice Markle, Plaintiff, applied for Title II Disability Insurance benefits (DIB) and Title XVI Supplemental Security Income benefits (SSI) on September 16, 2013. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on July 29, 2015 before Administrative Law Judge (ALJ) Gordon W. Griggs. At the hearing, Plaintiff amended her disability onset date to September 1, 2013. Plaintiff testified at the hearing, as did Vocational Expert (VE) Trevor Duncan. On September 2, 2015, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 53 years old. She has past relevant work experience as a production assembler, saw operator, cashier, agricultural produce sorter, and sales clerk. Plaintiff alleges disability since September 1, 2013, on which date she was 51 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) improperly weighing the medical opinions; 2) failing to give germane reasons for discounting lay testimony; and 3) failing to provide clear and convincing reasons for discounting Plaintiff's testimony about her limitations.

## DISCUSSION

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920;

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

*Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520 (a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404,1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments consisting of cervical spine degenerative disc disease; urinary frequency; hip pain of unclear etiology; cognitive disorder NOS (Not Otherwise Specified); depression; anxiety; and marijuana dependence; 2) Plaintiff does not have an impairment or combination of impairments that meets or equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. §§ 404.1520(b) and 416.967(b), except she can never climb ladders, ropes or scaffolds; she can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and she is limited to occasional exposure to extreme cold and occasional exposure to hazardous conditions such as proximity to unprotected heights and moving machinery. Furthermore, she is limited to tasks that can be learned in 30 days or less, involving no more than simple work-related decisions and few workplace changes, and she is limited to occasional interaction with the public; and 4) Plaintiff's RFC allows her to perform her past relevant work as an agricultural produce sorter and as a production assembler. Accordingly, the ALJ concluded the Plaintiff is not disabled.

**OPINION OF DR. DURIS**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725

(9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Mark Duris, Ph.D., performed a psychological evaluation of the Plaintiff on September 11, 2013. This evaluation was performed at the behest of the Washington Department of Social and Health Services (DSHS). Asked what mental issues made her unable to engage in employment, Plaintiff indicated that "memory" was a problem for her. (AR at p. 329). It is apparent that Dr. Duris' evaluation was not perfunctory and was much more thorough than the typical DSHS evaluation the undersigned is accustomed to seeing. Dr. Duris obtained a fairly comprehensive medical/mental health treatment history of Plaintiff, remarking that things she claimed to be experiencing, including difficulty with memory, were consistent with frontal lobe damage sustained as a result of a traumatic brain injury (TBI) suffered when she was 19 years old. (AR at p. 329). Plaintiff told Dr. Duris she had been dismissed from her last job because of her forgetfulness. (AR at p. 330).

The Personality Assessment Inventory (PAI) testing performed by Dr. Duris provided a valid profile and Plaintiff "did not engage in negative impression management[,] but addressed items consistent to her presentation during the appointment." (AR at p. 330). With regard to depression, Plaintiff told Dr. Duris that her medication (Celexa) addressed her depressive symptoms and she did not feel that her mood was an issue that prevented her from working. (AR at p. 330).

Dr. Duris administered the Wechsler Memory Scale (WMS)-III test to Plaintiff. He offered the following assessment of the test results and Plaintiff's effort on the test:

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

> Care was taken to observe as to whether [Plaintiff] was putting forth her best effort. There was no indication based on observation of her engaging in the tasks that she did not attempt to try her best. She presented at times as frustrated and disappointed and at other times when advised how well she did to be childlike in her being pleased. It is noted that she was tested for SSD[1] for memory problems and given a diagnosis of Malingering. There is no indication of negative impression management based on two prior PAI testings of her and no observation of any dissimulation in her presentation of symptoms for this evaluation. Testing results are viewed as valid and also as signaling memory difficulties that likely interfere with past and any future capacity for employment. It is unknown to what extent past substance abuse, head trauma or other organic diseases might be impacting her memory given her premorbid functioning prior to her TBI as a H.S. student was such that she performed within the average range of intellectual functioning and presumably within the average range for memory as well. It seems less likely that her abuse of drugs and alcohol fully account for her low average and borderline scores on current memory functioning.

(AR at pp. 330-31).

Dr. Duris' summary of the test results was that Plaintiff's working memory capacity, as estimated by the Working Memory Index, was in the average range, and her immediate and delayed memory performance scores were in the borderline and low average range respectively. (AR at p. 331).

Dr. Duris diagnosed the Plaintiff on with "Cognitive Disorder NOS (Memory Impairment and personality change concerns)" and "Depressive Disorder, NOS (Controlled with medication)." (AR at p. 332). He assigned the Plaintiff a Global Assessment of Functioning (GAF) score of 50 because of "[m]oderate to marked symptoms of difficulty in social areas and ability to function in an occupational

///
///
///

---

[1] Social Security Disability

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

capacity."[2] (AR at p. 332). Dr. Duris opined that Plaintiff suffered from "marked" limitations in four areas: 1) understanding, remembering, and persisting in tasks by following detailed instructions; 2) adapting to changes in a routine work setting; 3) communicating and performing effectively in a work setting; and 4) completing a normal work day and work week without interruptions from psychologically based symptoms. (AR at p. 333). "Marked" is defined as "a very significant limitation on the ability to perform one or more basic work activity." (AR at p. 332). Dr. Duris indicated Plaintiff's impairments were not the result of alcohol or drug use within the past 60 days, would persist following 60 days of sobriety, and would last for in excess of 12 months. (AR at p. 333).

The ALJ gave only "partial weight" to Dr. Duris' opinion. According to the ALJ:

> The longitudinal record establishes a higher degree of functional ability than described in that opinion. Furthermore, the opinion is inconsistent with his narrative report. Dr. Duris noted normal mental status exam findings in all areas except memory. He noted a full panoply of activities of daily living. These activities were compatible with at least simple work.

(AR at p. 37).

The ALJ did not specify what in the "longitudinal record" established a higher degree of functional ability, particularly as related to Plaintiff's memory issue. A review of the "longitudinal record" regarding "Mental impairments" set forth in the ALJ's opinion (AR at pp. 30-32) reveals nothing manifestly contrary to the functional limitations opined by Dr. Duris as stemming specifically from Plaintiff's memory impairment. Dr. Duris acknowledged that Plaintiff's depressive disorder was

---

[2] A GAF score of 41-50 means "serious" symptoms or "serious" impairment in either social, occupational, or school functioning. *American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders*, (4th ed. Text Revision 2000)(DSM-IV-TR).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

controlled with medication and even Plaintiff acknowledged that her mood did not prevent her from engaging in employment. Dr. Duris acknowledged that previous memory testing concluded Plaintiff was malingering, but Dr. Duris clearly found that was not the case with regard to the memory testing performed by him. While the ALJ referenced in two footnotes in his opinion (AR at p. 30, Footnotes 1 and 2) the prior memory testing of Jay Toews, Ed.D., he did not specifically cite this as a reason for discounting the functional limitations opined by Dr. Duris as stemming from Plaintiff's memory impairment.

The ALJ offered no explanation why he considered Dr. Duris' opinion about functional limitations to be inconsistent with his narrative report. To the contrary, Dr. Duris' narrative report indicates Plaintiff has a serious memory impairment, as validated by WMS-III test results, that are consistent with the "moderate" and "marked" functional limitations opined by him.

In his report, Dr. Duris indicated that Plaintiff was able to maintain all of her activities of daily living ("ADLs"), noting that "she reported that she engages in the typical daily activities of taking short walks with her dogs, does hobbies, tends to in the spring and summer her garden and attends church off and on." (AR at p. 330). Nevertheless, this did not diminish Dr. Duris' opinion about Plaintiff's functional limitations and it is not apparent how any of the specified activities show that Plaintiff's memory was better than she professed it to be or better than the WMS-III tests indicated.

///
///
///
///
///
///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

In sum, the ALJ did not offer "specific and legitimate" reasons for discounting the opinions of Dr. Duris.[3]

**CREDIBILITY**

Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).[4]

The ALJ found Plaintiff was not entirely credible concerning her statements as to the intensity, persistence and limiting effects of her alleged symptoms. According to the ALJ:

> In terms of the claimant's alleged limitations in concentration and memory, the longitudinal record shows generally normal mental status and cognitive findings. The exception is the evaluation with Dr. Duris in September 2013. In any event,

---

[3] As discussed below, the opinion of non-examining psychologist Richard Borton, Ph.D., contradicted the opinion of Dr. Duris, although the ALJ referred to Dr. Borton's opinion as part of the ALJ's credibility analysis, and not as part of his evaluation of the medical evidence. It is unclear if Dr. Toews is somehow considered to have expressed an opinion contradicting that of Dr. Duris. The ALJ did not specifically cite Dr. Toews' 2011 results as a reason for discounting Dr. Duris' opinion.

[4] Although the ALJ, in a footnote, cited Dr. Toews' 2011 diagnosis of "probable malingering," he did not, as part of his credibility analysis (AR at pp. 34-36), make a finding that there was affirmative evidence of malingering in the record.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

> the State agency psychological consultant considered those test results and concluded that claimant's memory and concentration were not so severely compromised as to render her unable to manage simple, routine tasks on a consistent basis [citation omitted]. The claimant enjoys beadwork, which certainly requires a fair degree of concentration and persistence [citation omitted].

(AR at p. 35).

The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In November 2013, just two months after Dr. Duris' testing, Richard Borton, Ph.D., wrote:

> The claimant has reported memory and concentration problems in past disability applications, as well. While her memory and concentration may be declining, they are not so severely compromised as to render her unable to manage simple, routine tasks on a consistent basis. She has, for example, been able to do food service at a local fair, part time and seasonally . . . . She was described as somewhat childlike in her responses to praise from the evaluator, and to lapse into tears occasionally. But, overall, mood was described as euthymic, she was adequately groomed, thought process and content considered to be normal, and she was effortful and exhibited adequate concentration on WMS testing and in interview. Overall, she would retain the capacity to understand, remember, and complete simple, routine tasks on a consistent basis.

(AR at p. 98). Dr. Borton opined that Plaintiff was "not significantly limited" in her abilities to remember locations and work-like procedures, and to understand and remember very short and simple instructions. (AR at p. 101).

Dr. Borton's opinion was not a "clear and convincing" reason for discounting Plaintiff's credibility regarding her alleged memory limitations. There is no explanation why Plaintiff's ability to do food service at a local fair, part-time and seasonally,[5] suggests Plaintiff's memory limitations would not compromise her ability to perform substantial gainful activity to the extent opined by Dr. Duris.

---

[5] It appears this work took place in 2012. (AR at pp. 225-26; 236)

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 11**

Furthermore, the ALJ did not specifically cite this work as an example for discounting Dr. Duris' opinion or for discounting Plaintiff's credibility. Essentially, Dr. Borton simply disagreed with Dr. Duris, but the mere fact of this disagreement is insufficient to discount Plaintiff's credibility regarding her memory limitations, particularly in light of the ALJ's failure to provide "specific and legitimate" reasons for discounting Dr. Duris' opinion, as discussed *supra*.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985). In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Id*., citing 42 U.S.C. §405(g). Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 1100, quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful. *Id*. at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 12**

concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceedings." *Id.*, quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Where all three elements are satisfied- ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved, and there is no question the claimant is disabled- the court has discretion to depart from the ordinary remand rule and remand for an immediate award of benefits. *Id*. But even when those "rare circumstances" exist, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id*. at 1102, quoting *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

At the hearing, the VE was asked by Plaintiff's counsel whether a person with a combination of the limitations opined by Dr. Duris would "be able to do the past work of this claimant, or other work in the regional economy." (AR at p. 82). As noted above, one of the limitations opined by Dr. Duris is a "marked" limitation completing a normal work day and work week without interruptions from psychologically based symptoms. According to the VE:

> [T]he one component of the hypothetical that I'll speak to is the completion - - the ability to complete a day or week of work without the symptoms, and if a person is either off task more than 10 percent of the time, or if they're not at work, they're missing work; they're either arriving late, leaving early, or missing work altogether more than one day a month, then that - - either of those two by it - - by themselves would impact the ability to sustain ongoing gainful employment negatively. They would not be able to sustain ongoing gainful employment.

(AR at p. 83).

Accordingly, the three elements set forth in *Treichler* are satisfied: the ALJ has failed to provide legally sufficient reasons for rejecting Dr. Duris' opinion about the limitations resulting from Plaintiff's memory deficiencies and for rejecting Plaintiff's

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 13**

testimony which is consistent with those limitations; there are no outstanding issues that must be resolved; and there is no question the claimant is disabled as confirmed by the VE's testimony. Therefore, the court will remand for an immediate award of benefits.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 15) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 17) is **DENIED**. The Commissioner's decision is **REVERSED**. Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for an immediate award of disability benefits based on a disability onset date of September 1, 2013. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this __5th__ day of June, 2017.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 14**